1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7  | In re RUPANJALI SNOWDEN,

                     Debtor.

CHECK INTO CASH OF WASHINGTON,
INC., a Washington corporation,

                    Appellant,

       v.

RUPANJALI SNOWDEN, a Washington
resident,

                    Appellee.

RUPANJALI SNOWDEN,

                 Cross-Appellant,

       v.

CHECK INTO CASH OF WASHINGTON,

                 Cross-Appellee.

Chapter No. 11

USDC No. 12-cv-1095RSL

Bankruptcy Case No. 09-10318

Bankruptcy Internal Appeal No. 12-S029

ORDER AFFIRMING DECISION
OF BANKRUPTCY COURT

     This matter comes before the Court on cross appeals by Appellant/Cross-Appellee Check Into Cash of Washington, Inc., ("CIC") and Appellee/Cross-Appellant Rupanjali Snowden. CIC appeals the bankruptcy court's decision on remand awarding Ms. Snowden emotional distress and punitive damages based on CIC's violation of the automatic stay. Ms. Snowden contends

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

for the second time that the bankruptcy court erred in limiting her recovery of attorney's fees to those incurred after May 20, 2009, and in failing to award sanctions pursuant to its civil contempt or inherent authority.

Having reviewed the parties' memoranda and supporting documents, the Court AFFIRMS the bankruptcy court's decision.

## I. DISCUSSION

This is the second appeal from the bankruptcy court in this case.  In 2009, the bankruptcy court found that CIC willfully violated the automatic stay when it initiated a post-petition transfer from Ms. Snowden's bank account.  In re Snowden, 422 B.R. 737, 740-41 (Bankr.W.D. Wash. 2009).  CIC and Ms. Snowden filed cross-appeals of the bankruptcy court's decision awarding Ms. Snowden emotional distress and punitive damages, and denying Ms. Snowden's request for attorney's fees after May 20, 2009, the date on which CIC tendered to Ms. Snowden an amount that would have resolved the stay violation.  See In re Snowden, 2012 WL 600697, at *1 (W.D. Wash. Feb. 21, 2012).  This Court affirmed in part and reversed in part the bankruptcy court's decision and remanded the emotional distress damages and punitive damages issues for further consideration.  Id. at *5.  On remand, the bankruptcy court awarded the same emotional distress damages and punitive damages to Ms. Snowden.  The issues raised on this appeal again relate to the bankruptcy court's award of damages and attorney's fees.

### A.  Standard of Review

This Court reviews a bankruptcy court's assessment of damages under Section 362(k) for an abuse of discretion.  In re Miller, 262 B.R. 499, 503 (B.A.P. 9th Cir. 2001).  The bankruptcy court's decisions regarding attorney's fees and whether to impose sanctions under 11 U.S.C. § 105(a) are also reviewed for abuse of discretion or erroneous application of the law.  In re Dawson, 390 F.3d 1139, 1145 (9th Cir. 2004); In re Dyer, 322 F.3d 1178, 1191 (9th Cir. 2003).

### B.  Emotional Distress Damages

The controlling standard for awarding emotional distress damages is well settled:  "to be

ORDER AFFIRMING DECISION
OF BANKRUPTCY COURT – 2

entitled to damages for emotional distress under [11 U.S.C.] § 362(h), an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process)." Dawson, 390 F.3d at 1149 (emphasis added); cf. Pub. L. No. 109-8, § 305(1)(B) (2005) (redesignating subsection (h) as subsection (k)). "Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer significant emotional harm." Dawson, 390 F.3d at 1149.

A person may clearly establish significant emotional harm in several ways. First, the person may offer corroborating medical evidence. Id. Second, the person may offer testimony by non-experts, including family members, friends, or coworkers that the person manifested serious mental anguish. Id. Third, significant emotional harm may be established if the violator's conduct was egregious or if "the circumstances [] make it obvious that a reasonable person would suffer significant emotional harm." Id. at 1150. Thus, corroborating evidence is not required to establish significant emotional distress as a result of a stay violation. Id.; see also America's Servicing Co. v. Schwartz-Tallard, 438 B.R. 313, 321-22 (Bankr. D. Nev. 2010).

The bankruptcy court, on remand, found that Ms. Snowden was entitled to recover emotional distress damages because CIC's violation would cause a reasonable person to suffer significant emotional distress. Dkt. # 30-5 at 4-6. Thus, the court awarded Ms. Snowden $12,000 in emotional distress damages. Id. CIC contends that the bankruptcy court's inquiry should have ended once it determined that there was no other direct evidence of Ms. Snowden's emotional distress. Dkt. # 13 at 11-13. CIC's argument hinges on its interpretation that the bankruptcy court found that Ms. Snowden did not suffer significant emotional harm. Therefore, CIC argues, whether a reasonable person would suffer significant emotional harm in her circumstances is irrelevant. Id. The Court disagrees with CIC's interpretation of the bankruptcy

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

court's order.

      Contrary to CIC's interpretation, the bankruptcy court stated the proper standard for emotional distress damages under <u>Dawson</u>, and applied that standard to Ms. Snowden's case. Although the bankruptcy court did not expressly refer to the first prong of <u>Dawson</u>, the court began its oral ruling by affirming the prior finding that Ms. Snowden's testimony about her emotional suffering was credible.  Dkt. # 30-5 at 4-6.  Only after reiterating this finding that she actually suffered emotional harm did the bankruptcy court address the second <u>Dawson</u> prong, whether she clearly established significant emotional distress.  <u>See</u> <u>id.</u>  Having found that Ms. Snowden actually suffered emotional harm  as a result of CIC's violation and a reasonable person would suffer similar harm in similar circumstances, the court properly awarded emotional distress damages under <u>Dawson</u>.  The Court AFFIRMS the bankruptcy court's decision awarding emotional distress damages.

**C.  Punitive Damages**

      The Court next considers CIC's contention that the bankruptcy court erred in awarding punitive damages.  This is a two-part inquiry.  First, the Court must determine whether the bankruptcy court abused its discretion in awarding punitive damages.  <u>Fair Hous. of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002).  If not, the Court must then consider de novo whether the amount of the award "falls within the bounds of substantive due process."  <u>White v. Ford Motor Co.</u>, 312 F.3d 998, 1026 (9th Cir. 2002).

      On this appeal, CIC presents two arguments addressing the bankruptcy court's award of punitive damages: first, CIC contends that Ms. Snowden is not entitled to punitive damages in the absence of emotional damages.  Second, CIC contends that the bankruptcy court erred in failing to address the constitutionality of the amount of the punitive damages award.  Dkt. # 13 at 10-11.

      Having affirmed the bankruptcy court's award of emotional distress damages, the Court

finds CIC's first argument unpersuasive.  With respect to CIC's second argument targeting the amount of punitive damages awarded, the Court finds, as it previously noted, that the one-to-one damage ratio appears to satisfy constitutional concerns in this case.  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) (noting that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety"); BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 574–75 (1996) ("Three guideposts, each of which indicates that BMW did not receive adequate notice of the magnitude of the sanction that Alabama might impose for adhering to the nondisclosure policy adopted in 1983, lead us to the conclusion that the $2 million award against BMW is grossly excessive:  the degree of reprehensibility of the nondisclosure; the disparity between the harm or potential harm suffered by Dr. Gore and his punitive damages award; and the difference between this remedy and the civil penalties authorized or imposed in comparable cases.").  Though this Court may have decided the issue differently, the Court cannot conclude that the bankruptcy court's "findings were illogical, implausible or without support in the record."  TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

As a result, the Court AFFIRMS the bankruptcy court's award of punitive damages.

**D.  Attorney's Fees**

### 1.  11 U.S.C. § 362(k) and Inherent Authority to Sanction

Despite this Court's previous finding that Sternberg v. Johnston, 595 F.3d 937 (9th Cir. 2010) forecloses Ms. Snowden's entitlement to attorney's fees after May 20, 2009, and its determination that the bankruptcy court did not abuse its discretion in declining to award additional attorney's fees under its civil contempt power or inherent authority to sanction, Snowden, 2012 WL 600697, at *4, Ms. Snowden raises those same issues in this appeal, dkt. # 14 at 13-24.  This Court's earlier decisions regarding attorney's fees and sanctions remain the law of the case and the Court will not revisit them.  Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.

1983) ("Under [the law of the case] doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case."). None of the reasons for deviating from the law of the case applies here. See Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004) (reasons for deviating from law of the case are "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.").

**2. Appeals**

Finally, Ms. Snowden seeks to recover the attorney's fees incurred as a result of both appeals because, she contends, they constitute damages under Section 362(k). Dkt. # 14 at 14-15. The Court disagrees and DENIES Ms. Snowden's request.

Ninth Circuit case law allows a debtor to recover attorney's fees in a stay violation case where certain circumstances exist. Sternberg, 595 F.3d 937, 948 (9th Cir. 2010); see also In re Schwartz-Tallard, 473 B.R. 340, 347-50 (9th Cir. 2012) (applying Sternberg to award of appellate attorney's fees). The critical inquiry in determining whether a debtor is entitled to attorney's fees is whether the fees were incurred in an effort to enforce the stay or in a pursuit of stay violation damages. In re Schwartz-Tallard, 473 B.R. at 348. As CIC points out, both cross-appeals have revolved around Ms. Snowden's pursuit to recover damages resulting from the stay violation after the stay violation was remedied. See Snowden, 2012 WL 600697, at *4. Thus, the Court finds that Ms. Snowden is not entitled to recover her attorney's fees related to the appeals and her request is DENIED.

## II. CONCLUSION

For all of the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.

1

DATED this 11th day of March, 2013.

2

3

4

*Mt S Lasnik*

Robert S. Lasnik
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER AFFIRMING DECISION
OF BANKRUPTCY COURT – 7