UNITED STATES COURT OF APPEALS

THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: RUPANJALI SNOWDEN,<br><br>Debtor. | No.:  13-35291<br><br>DC No. 2:12-cv-1095-RSL |
| RUPANJALI SNOWDEN, Debtor,<br><br>Appellant,<br><br>v.<br><br>CHECK INTO CASH OF WASHINGTON, INC,<br><br>Appellee. | U.S. District Court for Western Washington, Seattle<br><br>Bankruptcy Case No. 09-10318<br><br>Bankruptcy Internal Appeal No. 12-S029<br><br>**APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF RECORD ON APPEAL AND STATEMENT OF ISSUES** |

### I.   DESIGNATION OF RECORD ON APPEAL

| **DOCUMENT** | **DESCRIPTION** |
|---|---|
| Docket No. 31-1 | U.S. Bank Statements (Feb. 10, 2009 – Mar. 9, 2009) |
| Docket No. 31-2 | Check Into Cash Consumer Loan Agreement |
| Docket No. 31-3 | Check Into Cash's "Guidelines for Bankruptcy and CCCS  Accounts" |
| Docket No. 31-4 | Check Into Cash's "Guidelines for Bankruptcy and CCCS Accounts |

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 1

**HENRY, DEGRAAFF & MCCORMICK.**
1833 N 105ᵀᴴ ST, STE 200
SEATTLE, WASHINGTON  98133
telephone (206) 330-0595
fax (206) 400-7609

| | |
|---|---|
| Docket No. 31-5 | PACER search results, dated Feb 17, 2010 |
| Docket No. 31-6 | Bankruptcy Notice of Creditor's Meeting Under 11 U.S.C. § 341 |
| Docket No. 31-7 | Rupanjali Snowden Bankruptcy Petition, Schedule F |
| Docket No. 31-8 | Personal Check for $575.00 used as collateral for payday loan |
| Docket No. 31-9 | Printout of certain pages from Check Into Cash's website |
| Docket No. 31-10 | Printout of electronic stop payment order |
| Docket No. 31-11 | Table of Attorney's Fees and Incurred by Ms. Snowden in connection with this Motion for Sanctions |
| Docket No. 31-12 | Printout of report from PACER Case Locator, dated Nov. 2, 2010 |
| Docket No. 31-13 | Collection notes from Check Into Cash's Sequim office |
| Docket No. 31-14 | Printout of collection notes from Check Into Cash's corporate office |
| Docket No. 31-15 | Check Into Cash's Policy Entitled "The day the Check is due" |
| Docket No. 31-21 | E-mail from Lauren Hosie to Christina (Latta) Henry, dated May 20, 2009 |
| Docket No. 31-24 | JUDGMENT RE: SANCTIONS FOR STAY VIOLATIONS (Nov 16, 2010) |
| DOCKET No. 28-1 | Bankruptcy Court Transcript of Evidentiary Hearing Held on November 1, 2010 |
| Docket No. 29 | Adversary Complaint, *Rodriguez v. Check Into Cash* |
| Docket No. 29-1 | Bankruptcy Court Transcript of Evidentiary Hearing held on *November 2, 2010; a.m. session* |
| DOCKET No. 29-2 | Bankruptcy Court Transcript of Evidentiary Hearing held on *November 2, 2010; p.m. session* |
| DOCKET No. 30-1 | Bankruptcy Court Transcript of Oral Findings of Fact and Conclusions of Law re Evidentiary Hearing ( November 16, 2010) |
| DOCKET No. 30-2 | US District Court Order Affirming in Part / Reversing in Part Decision of Bankruptcy Court (February 21, 2012) |
| DOCKET No. 30-3 | Bankruptcy Court Judgment After Remand (June 11, 2012) |

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 2

HENRY, DEGRAAFF & MCCORMICK.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

| DOCKET No. 32-5 | Bankruptcy Court Transcript of Oral Findings of Fact and Conclusions of Law re JUDGMENT AFTER REMAND ( June 7, 2012) |
|---|---|
| DOCKET No. 33-5 | Bankruptcy Court Decision on Motion for Sanctions (December 10, 2009) |
| DOCKET No. 34 | US District Court Order Affirming Decision of Bankruptcy Court (March 11, 2013) |
| DOCKET No. 33-6 | Proof of Service (April 9, 2009) re Motion for Sanctions Against Check Into Cash |
| DOCKET No. 33-4 | Adversary Complaint, *Rodriguez v. Check Into Cash* |
| DOCKET No. 33-3 | Adversary Complaint, *Still v. Check Into Cash* |
| DOCKET No. 33-2 | PACER Docket Printouts for Ryals v. Check Into Cash, Still v. Check Into Cash, Young v. Check Into Cash, Rodriguez b. Check Into Cash and Woodard v. Check Into Cash |

## II.   STATEMENT OF ISSUES

Ms. Snowden filed the present action, No. 13-35291, as an appeal regarding the March 11, 2013, Final Order Affirming Decision of Bankruptcy Court (Docket No. 34) in District Court, Case No. 2:12-cv-01095-RSL. Ms. Snowden as the Appellant makes the following challenges to the Judgment After Remand (Docket No. 32-5, ) as upheld by the District Court's Final Order:

1) The Bankruptcy Court made additional factual findings to support its Judgment After Remand. The Court's additional findings supplemented the Court's factual findings and a conclusion of law made on the record in its original ruling on November 16, 2010. The Bankruptcy Court affirmed its prior damage award for Ms. Snowden, finding that she suffered Actual Damages in the form of emotional distress in the amount of $12,000 under a clear and convincing legal standard and that she was entitled to punitive damages in the amount of

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 3

HENRY, DEGRAAFF & MCCORMICK.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON  98133
telephone (206) 330-0595
fax (206) 400-7609

$12,000.  The court found that a reasonable person would suffer emotional distress if they were in the same situation as Ms. Snowden.

Under 11 U.S.C. §362(k), an individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. In 2010, the Ninth Circuit Court of Appeals in *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir.), *cert. denied*, 131 S. Ct. 102 (2010), found that attorney fees under 11 U.S.C. §362(k) are limited, finding that attorney fees incurred in a separate action for sanctions are not "actual damages." In Ms. Snowden's case, 362(k)'s mandatory award of actual damages necessitated discovery and litigation that are inherent in a statute intended to protect an individual debtor's fresh start as a private right of action.  Should the Court find the Ninth Circuit's holding in *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 102 (2010) disallowing attorney fees when pursuing sanctions is a misinterpretation of 11 U.S.C. §362(k)?

2)  Check Into Cash made an offer to return the funds collected in violation of the stay, along with funds to cover some of the resulting overdraft fees and an estimated amount of attorney fees, on May 20, 2009, that was presented as an offer of settlement that would have required the Appellant Snowden to forego her rights to seek compensation for other damages allowed under 11 USC §362(k).  The District Court held that the Bankruptcy Court had properly found that Check Into Cash's May 20, 2009, offer to repay the money taken in violation of the bankruptcy stay sufficiently remedied the stay violation, such that, under *Sternberg*, the Bankruptcy Court could not award attorney fees incurred thereafter.  Did the District Court err in upholding the findings of the Bankruptcy Court that a conditional offer to stop a continuing

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 4

HENRY, DEGRAAFF & MCCORMICK.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON  98133
telephone (206) 330-0595
fax (206) 400-7609

violation of the Automatic Stay remedied the stay violation, cutting off Appellant's right to further attorney fees under *Sternberg*?

3) The Bankruptcy Court found that, under *Sternberg*, the Debtor was not entitled to attorney fees through the October 8, 2009 hearing where the Court found that Check Into Cash had violated the automatic stay, even though the issue of damages had not yet been argued or decided. Did the District Court err in affirming the Bankruptcy Court's holding that *Sternberg* precluded attorney fees for proving that a stay violation had occurred?

4) Ms. Snowden received a ruling on October 8, 2009 from the Bankruptcy Court (see written findings, docket No. 33-5) that Check Into Cash violated the automatic stay by withdrawing funds from her bank account via an electronic funds transfer withdrawal. Check Into Cash failed to repay the $525 that was the subject of the automatic stay violation and the $370 in overdraft fees to Ms. Snowden under the October 8, 2009 order. Not until it was ordered by the court to do so on November 17, 2010 did Check Into Cash pay the amount from the October 8, 2009 order.

Under 11 U.S.C. §362(k) the Debtor is entitled to attorney fees incurred to ensure enforcement of the automatic stay as actual damages as interpreted by *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 102 (2010). Thus, did the Bankruptcy Court err in not awarding attorney fees incurred through the end of the evidentiary hearing in November 2010 as actual damages under 11 U.S.C. §362(k) and the *Sternberg v. Johnston* decision?

5) Did the Bankruptcy Court err in not awarding attorney fees incurred through the end of the evidentiary hearing in November 2010 under 11 U.S.C. §105?

6) Did the Bankruptcy Court err in not making an explicit finding of bad faith willful misconduct, allowing attorney fees pursuant to 11 U.S.C. §105?

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 5

HENRY, DEGRAAFF & MCCORMICK.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609

7) In upholding this finding, did the District Court err in finding that the Bankruptcy Court *could not* award attorney fees under §105 that were not available under §362(k)?

8) Ms. Snowden alleges that Check Into Cash continued its violation of the automatic stay through November 2010 due to failure to cure or remedy their automatic stay violations. Check Into Cash appealed the Bankruptcy Court's judgment on sanctions, the Debtor was forced to defend both the ruling that the creditor violated the automatic stay and the award of sanctions for that violation. Under 11 U.S.C. §362(k) is Ms. Snowden entitled to attorney fees for defending any appeal stemming from that order?

DATED this 24th day of April, 2013.

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: /s/ Christina L. Henry
Christina L. Henry, WSBA# 31273
Jacob D. DeGraaff, WSBA# 36713
Attorneys for Rupanjali Snowden

## CERTIFICATE OF SERVICE

I hereby certify that on April 24th, 2013, I electronically filed the Appellant Rupanjali Snowden's Designation of the Record and Issues on Appeal to Clerk of the Court using the CM/ECF System which will send notification of such filing to the below counsel of record.

| | |
|---|---|
| Amit D. Ranade, WSBA# 34878 | Alexander M. Wu, WSBA# 40649 |
| adr@hcmp.com | amw@hcmp.com |
| Hillis Clark Martin & Peterson, P.S. | Hillis Clark Martin & Peterson, P.S. |
| 1221 Second Avenue, Suite 500 | 1221 Second Avenue, Suite 500 |
| Seattle, WA 98101 | Seattle, WA 98101 |
| Tel# 206-623-1745 | Tel# 206-623-1745 |
| Fax# 206-623-7789 | Fax# 206-623-778 |

DATED this 24th day of April, 2013.

/s/ Christina L. Henry
Christina L. Henry, WSBA #31273
Attorney for Rupanjali Snowden

APPELLANT RUPANJALI SNOWDEN'S DESIGNATION OF THE RECORD AND ISSUES ON APPEAL- 6

HENRY, DEGRAAFF & MCCORMICK.
1833 N 105TH ST, STE 200
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-7609